IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES LEE MCELHANEY**, | § | |
| | § | |
| Movant, | § | |
| v. | § | Civil Action No. **3:07-CV-0191-L** |
| | § | No. 3:03-CR-0370-L (01) |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondent. | § | |

## **ORDER**

Before the court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, filed October 18, 2008. The magistrate judge recommends denying Petitioner James Lee McElhaney's Petition for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255.[*]

McElhaney raises six grounds for relief in his motion to vacate. He asserts claims that he received ineffective assistance of counsel with respect to his plea, sentencing, and appeal; that the government breached his plea agreement; and that his sentence exceeded the maximum allowed under the Sixth Amendment as interpreted by *United States v. Booker*, 543 U.S. 220 (2005), *Cunningham v. California*, 549 U.S. 270 (2007), and other cases. The magistrate judge found that none of movant's claims had merit and recommended denying the motion to vacate.

Movant timely filed objections. Except for objections number one through two and twenty-three through twenty-five, his objections simply state that he respectfully objects to certain factual findings and legal conclusions, but he fails to state a basis for his objection or explain with what

---

[*]Although movant titled his document a petition for habeas corpus, a request made pursuant to 28 U.S.C. § 2255 is a motion to vacate. Accordingly, the court deems his request a "motion to vacate" and refers to McElhaney as "movant."

reasoning in the magistrate judge's report he disagrees.  Because objections three through twenty-three and twenty-six are wholly conclusory and fail to state the bases of the objections, the court **overrules** them.

McElhaney's first objection is that the magistrate judge's finding that he was not legally prejudiced by statements by his counsel regarding his plea agreement relied too heavily on Rule 11 of the Federal Rules of Criminal Procedure and failed to consider that he reasonably relied upon his counsel; accordingly he contends that his plea was not voluntary.  After a review of the lengthy procedural history regarding his guilty plea, the magistrate judge concluded that movant failed to overcome the presumption of verity of his prior sworn statements.  The court agrees with the magistrate judge and therefore **overrules** objection one.

His second objection is that the magistrate judge failed to review new evidence submitted with the motion to vacate that shows that his defense counsel are liars and are therefore not more credible than he; he therefore contends that his plea was not knowing and voluntary.  McElhaney fails to specify what new evidence was included that the magistrate judge failed to review.  To the extent he relies upon his own declaration, the magistrate judge considered this evidence and rejected it, concluding that movant failed to overcome the presumption of verity.  The court finds that the magistrate judge is correct and therefore **overrules** objection two.

Movant's twenty-third objection is to the magistrate judge's finding that there was no violation of Rule 23(a) of the Federal Rules of Criminal Procedure.  He contends that he only waived his right to a jury trial for those facts contained in count five of the superseding indictment.  The magistrate judge determined that movant failed to establish that his counsel's deficiencies in

this respect created a reasonable probability that his sentence would have been less harsh. Movant has still failed to make such a showing, and accordingly, the court **overrules** objection twenty-three.

McElhaney's next objection is to the finding that his counsel was not ineffective by failing to objection to the government's breach of the Cooperation Agreement. The magistrate judge found no breach of the Cooperation Agreement and the court agrees with this finding. Accordingly, objection twenty-four is **overruled**.

The twenty-fifth objection is to the magistrate judge's finding that McElhaney's appellate counsel was not ineffective. The magistrate judge determined that movant's Sixth Amendment claim had insufficient merit to raise it on appeal and that it did not fall within his limited right of appeal preserved after his guilty plea. The court agrees with the finding that movant has failed to demonstrate that his appellate counsel was ineffective and therefore **overrules** objection twenty-five.

The court has reviewed the magistrate judge's report, the record, and the applicable law, and determines that the findings and conclusions are correct and are therefore **accepted** as those of the court. The court therefore **denies** Petition for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255.

**It is so ordered** this 8th day of January, 2009.

Sam A. Lindsay
United States District Judge